UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLE,<br><br>          Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary,<br><br>          Respondent. | Case No. 12cv302-AJB (DHB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 14]** |

    On January 31, 2012, Petitioner David Cole, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus. On February 8, 2012, the Court issued a Briefing Schedule in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus under 28 U.S.C. §2254. On May 9, 2012, Respondent filed an Answer. On June 11, 2012, Petitioner requested an extension of time to file his Traverse. The Court granted the motion, and Petitioner was ordered to file his Traverse no later than July 16, 2012. On June 14, 2012, Petitioner filed the instant Motion to Amend his Petition for Writ of Habeas Corpus. (ECF No. 14.) In his request, Petitioner represents that he recently discovered that he inadvertently omitted two exhausted claims. Petitioner seeks to amend the present Petition to include these claims in order to save judicial resources.

    Habeas petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2).

However, leave to amend need not be granted where the amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

The Court finds that Petitioner does not seek to amend his Petition in bad faith and that such amendment would not unduly prejudice Respondent or create undue delay. In the interest of assessing the merits of the Petition in its entirety, the Court finds good cause to grant Petitioner's request. Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Motion for Leave to Amend his Petition for Writ of Habeas Corpus is **GRANTED**. Petitioner shall file his Amended Petition for Writ of Habeas Corpus, captioned "First Amended Petition for Writ of Habeas Corpus," or before **August 1, 2012**. Petitioner shall include <u>all</u> original and new claims in this Amended Petition. *See* Civil Local Rule 15.1 ("[E]very pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be retyped and filed so that it is complete in itself without reference to the superseded pleading. All amended pleadings must contain copies of all exhibits referred to in such amended pleadings.").

If Petitioner does not file a First Amended Petition for Writ of Habeas Corpus by August 1, 2012, the Court will proceed on the original Petition.

2. If Petitioner files a First Amended Petition for Writ of Habeas Corpus, the following briefing schedule shall apply:

   a. Respondent shall file any motion to dismiss no later than **September 14, 2012**.
   b. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **October 15, 2012**.
   c. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition no later than **October 1, 2012.**

/ / /

/ / /

/ / /

     d.     Petitioner may file a traverse to matters raised in the answer no later than **November 1, 2012**.

IT IS SO ORDERED.

DATED:  June 26, 2012

                                DAVID H. BARTICK
                                United States Magistrate Judge