UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLE,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary,<br><br>    Respondent. | Civil No. 12cv302 AJB (DHB)<br><br>**ORDER**<br><br>**1) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**2) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE;**<br><br>**3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 25, 21, 16, and 24, respectively). |

On July 16, 2012, Petitioner David Cole ("Petitioner"), a state prisoner proceeding pro se, filed a First Amended Petition for Writ of Habeas Corpus. (Doc. No. 16.) Petitioner seeks relief from his June 11, 2008 conviction and his 35 year to life sentence for first-degree burglary. Petitioner alleges eight grounds for relief: (1) ineffective assistance of appellate counsel; (2) insufficient evidence to support the jury's verdict/factual innocence; (3) claim of actual innocence warrants evidentiary hearing; (4) ineffective assistance of trial counsel; (5) violation of right to an impartial jury; (6) the state courts' denials of state habeas corpus

petitions were contrary to or an unreasonable application of federal law; (7) the trial court erroneously admitted victim's in-court identification; and (8) the trial court abused its discretion by not striking Petitioner's prior strikes. Respondent filed an Answer opposing any habeas relief (Doc. No. 17), and Petitioner filed a Traverse (Doc. No. 19). For the reasons set forth below, Petitioner's objections are OVERRULED, and the Court ADOPTS Magistrate Judge David H. Bartick's Report and Recommendation ("R&R") in its entirety.

# I. BACKGROUND

## A. Factual Background

The R&R took the following facts from the unpublished California Court of Appeal ("Court of Appeal") Opinion in *People v. Cole*, Case No. D054244 (Cal. Ct. App. Oct. 23, 2009) and Petitioner adopted the same in full. (Lodgment No. 7.) The Court presumes these factual determinations are correct pursuant to 28 U.S.C.A. § 2254(e)(1). *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (finding factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary).

> At approximately 7:45 p.m. on August 31, 2007, Crystal Guerrero had just finished taking a shower in her apartment located in the Mission Beach neighborhood of San Diego. When she opened the bathroom door, she saw a man push in the screen of her bedroom window and begin to enter the bedroom through the window. The window was approximately 14 feet away from Guerrero, and the bedroom was well lit. Guerrero locked eyes with the man for approximately 10 seconds and could view his upper body. Guerrero screamed for her neighbor, and the man backed away from the window and ran off. Watching through a window, Guerrero could see the man as he left the area.
>
> Guerrero's neighbor and her landlord immediately responded to the screaming and called 911. Guerrero spoke with the 911 operator and gave a description of the perpetrator, and she also gave a description to police officers who arrived at her residence approximately five minutes later. Another witness, Theresa Nakatani, was sitting in a car behind Guerrero's apartment. She saw the perpetrator enter a gate to the apartment building and then run out a short time later.
>
> Based on the description provided by the witnesses, the police apprehended [Petitioner] approximately 17 minutes after the incident while he was walking down the street a few blocks from Guerrero's apartment.
>
> The police then transported [Petitioner] to an alley outside of Guerrero's apartment and conducted an identification procedure referred to as a curbside showup, in which [Petitioner] was displayed for Guerrero to determine if she recognized him. Guerrero identified [Petitioner] as the perpetrator, and [Petitioner] was charged with a single count of residential burglary. (§§ 459, 460, subd. (a), 667.5, subd. (c)(21).)

> During motions in limine, defense counsel moved to exclude evidence of Guerrero's identification of [Petitioner] during the curbside showup and any subsequent in-court identification. Relying on Guerrero's testimony at the preliminary hearing, defense counsel argued that the curbside showup procedure was impermissibly suggestive because, prior to displaying [Petitioner] to Guerrero, the police told Guerrero that she would be viewing a suspect who matched the description she had given and that the suspect was on parole for burglary. The trial court granted the motion to exclude Guerrero's identification of [Petitioner] during the curbside showup, ruling that the police officers' statement to Guerrero rendered the identification procedure unduly suggestive. However, the trial court ruled that it would allow Guerrero to identify [Petitioner] in the courtroom during her trial testimony. FN2
>
> > FN2. Defense counsel also brought a motion in limine to exclude Nakatani's identification of [Petitioner] during the curbside showup and any in-court identification by her. The trial court granted the motion in full, based on its ruling that the identification procedure was unduly suggestive and on the fact that Nakatani was not able to identify [Petitioner] in the courtroom during an in limine hearing.
>
> At trial, upon questioning by defense counsel, Nakatani could not identify [Petitioner] in the courtroom. At trial, Guerrero identified [Petitioner] as the perpetrator. On cross-examination, defense counsel elicited testimony from Guerrero that she had also identified [Petitioner] at the curbside showup and during the preliminary hearing.
>
> [Petitioner's] defense at trial centered on the theory that he had been misidentified. Defense counsel called an expert to testify about witness suggestibility and false identification, and he argued to the jury that none of [Petitioner's] fingerprints or DNA was found at the scene of the crime.

(Lodgment No. 7 at 2-4.)

**B.     Procedural Background**

The following is taken from the R&R which Petitioner adopted in full. On September 19, 2007, Petitioner was charged in a single count information with residential burglary while someone other than an accomplice was in the home, in violation of California Penal Code §§ 459, 460, and 667.5(c)(21). (Lodgment No. 3 at 1-2.) The information also alleged Petitioner had various priors. (*Id*. at 2-4.) On June 11, 2008, a jury convicted Petitioner of first degree burglary. (*Id*. at 122-124.) Thereafter, Petitioner admitted several prior convictions. (*Id*. at 317-318.) On December 3, 2008, Petitioner was sentenced to state prison for a term of 35 years to life. (*Id*. at 290-291.)

Petitioner appealed his conviction. (*Id*. at 293; Lodgment No. 4.) His direct appeal raised two issues: (1) the trial court erred by admitting the victim's in-court identification,

and (2) the trial court abused its discretion by not striking his prior strike convictions. (Lodgment No. 4, at 2.) On October 23, 2009, the Court of Appeal rejected Petitioner's claims. (Lodgment No. 7.) Petitioner filed a Petition for Review in the California Supreme Court. (Lodgment No. 8.) On January 13, 2010, the California Supreme Court summarily denied review. (Lodgment No. 9.)

On August 10, 2010, Petitioner filed a habeas petition in the San Diego Superior Court. (Lodgment No. 10.) Petitioner argued: (1) ineffective assistance of appellate counsel; (2) insufficient evidence supported his conviction; (3) actual innocence and request for evidentiary hearing; (4) ineffective assistance of trial counsel; and (5) denial of right to an impartial jury. (*Id.*) The Superior Court rejected Petitioner's claims on the merits in an unpublished opinion on October 8, 2010. (Lodgment No. 11.) Petitioner then filed a petition for writ of habeas corpus in the Court of Appeal. (Lodgment No. 12.) On March 22, 2011, the Court of Appeal denied the petition on the merits. (Lodgment No. 15.) Petitioner filed a habeas petition in the California Supreme Court on April 11, 2010. (Lodgment No. 16.) The California Supreme Court summarily denied the petition on December 21, 2011. (Lodgment No. 17.)

On January 31, 2012, Petitioner filed his federal Petition for Writ of Habeas Corpus. (Doc. No. 1.) Petitioner initially raised the same claims that he had asserted in his state habeas petitions. (*Id.*) On May 9, 2012, Respondent filed an Answer to the Petition. (Doc. No. 9.) Thereafter, Petitioner filed a Motion to Amend the Petition to add the two claims he had asserted on direct appeal. (Doc. No. 14.) On June 27, 2012, the Court granted the motion to amend. (Doc. No. 15.) Petitioner filed the instant First Amended Petition for Writ of Habeas Corpus on July 16, 2012. (Doc. No. 16.) On September 26, 2012, Respondent filed an Answer. (Doc. No. 17.) Petitioner filed his Traverse on October 24, 2012. (Doc. No. 19.) Magistrate Judge Bartick issued the R&R on February 2, 2013 recommending this court deny Petitioner's writ of habeas corpus in its entirety. (Doc. No. 21.) Petitioner timely filed Objections to the R&R on May 2, 2013. (Doc. No. 25.)

Additionally, Petitioner filed a Request for Certificate of Appealability on May 2, 2013, asking this Court to issue a certificate of appealability should the Court enter an order adverse to the Petitioner. (Doc. No. 24)

## II.   LEGAL STANDARDS[1]

### A.   Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) provide district judges' duties regarding a magistrate judge's report and recommendation. The district court judge should "make a de novo determination of those portions of the report to which the objection is made," and "may accept, reject, or modify in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### B.   Habeas Corpus Relief

A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls review of this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1-2); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

---

[1] Petitioner also adopted in full the legal standards put forth in the R&R.

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in United States Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions, but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

"Clearly established federal law" means the law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). "Circuit precedent may provide 'persuasive authority' for purposes of determining whether a state court decision is an 'unreasonable application' of Supreme Court precedent," but "only Supreme Court holdings are binding on state courts, and 'only those holdings need be reasonably applied.'" *Rodgers v. Marshall*, 678 F.3d 1149, 1155 (9th Cir. 2012) (citation omitted); *see also Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005). "[W]hen a Supreme Court decision does not 'squarely address[] the issue . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue," and the federal court "must defer to the state court's decision." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009); *see also Carey v. Musladin*, 549 U.S. 70, 77 (2006) (the lack of holdings from the Supreme Court on the issue presented precludes relief under 28 U.S.C. § 2254(d)(1)).

In applying 28 U.S.C. § 2254(d)(2), federal habeas courts must defer to reasonable factual determinations made by the state courts, to which a statutory presumption of correctness attaches. 28 U.S.C. § 2254(e)(1); *see Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). To determine whether habeas relief is available under § 2254(d), the Court "looks through" to the last reasoned state court decision as the basis for its analysis. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-8-3 (1991). If the dispositive state court order does not

"furnish a basis for its reasoning," federal courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds by Andrade*, 538 U.S. at 75- 76; *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

### C. Issuance of a Certificate of Appealability

A certificate of appealability is authorized, "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R.App. P. 22(b).

## III. DISCUSSION

### A. Claim One: Ineffective Assistance of Appellate Counsel

Petitioner's first claim is that his appellate counsel was ineffective for failing to raise all arguable issues on direct appeal. (Doc. No. 16 at 4-9.) Respondent counters that the state courts properly rejected Petitioner's claim because he failed to establish either prong of the *Strickland* test for ineffective assistance of counsel. (Doc. No. 17 at 10-13.) First, the R&R recommends that Petitioner's claim in ground one regarding actual innocence and insufficient evidence be denied because the state court's rejection of Petitioner's was objectively reasonable. (Doc. No. 21 at 9.) Second, the R&R recommends that Petitioner's claim in ground one regarding ineffective assistance of trial counsel and denial of the right to an impartial jury be denied for failing to establish either prong of the *Strickland* test. (Doc. No. 21 at 10.) Petitioner objects that (1) regarding actual innocence and insufficient evidence the R&R merely followed the state Court of Appeal and (2) regarding ineffective

assistance of trial counsel and denial of the right to an impartial jury the R&R applied case law that was contrary to or an unreasonable application of federal law. (Doc. No. 25 at 3-4.)

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984). *See Baylor v. Estelle*, 94 F.3d 1321, 1323 (9th Cir. 1996) (stating that *Strickland* has long been clearly established federal law as determined by the Supreme Court of the United States). To justify issuance of a writ under *Strickland*, Petitioner must establish (1) incompetence of counsel by showing counsel's performance fell below an objective standard of reasonableness and (2) prejudice by showing that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. However, judicial scrutiny of counsel's performance should be highly deferential as there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689.

### 1. Actual Innocence and Insufficient Evidence[2]

Regarding actual innocence and insufficient evidence, the Magistrate Judge concluded that the Court of Appeal properly applied the two-prong *Strickland* test. (Doc. No. 21 at 7.) The Court of Appeal determined Petitioner's allegations failed to rise to the level of ineffective assistance under *Strickland*.

The victim's testimony constituted sufficient evidence to convict the Petitioner, and Petitioner's appellate counsel apparently decided to challenge the admission of the victim's testimony rather than the sufficiency of the evidence as a whole. Given that appellate attorneys are afforded even greater deference than their trial counterparts with respect to the issues they raise, both the state courts and the Magistrate Judge found this to be a reasonable tactical decision by counsel entitled to deference. Petitioner objects with the conclusory remark that the R&R simply followed the Court of Appeal but did not have any new

---

[2] Petitioner presented his ineffective assistance of appellate counsel claim to the California Supreme Court and it was denied without comment. (Lodgment Nos. 16 and 17.) Magistrate Judge Bartick therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's opinion from March 22, 2011. *Ylst*, 501 U.S. at 804.

evidence to support either claim. However, federal habeas courts must not question whether counsel's actions were reasonable but only "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (reversing a Ninth Circuit en banc grant of habeas relief on an ineffective assistance claim for lack of sufficient deference to the state court result).

As the state court did not apply the Strickland test in an objectively unreasonable manner, its decision is entitled to deference. Accordingly, the Court OVERRULES Petitioner's claim of ineffective assistance of appellate counsel regarding actual innocence and insufficient evidence.

**2.     Ineffective Assistance of Trial Counsel and Right to an Impartial Jury**

Petitioner next contends that his appellate counsel was ineffective for failing to raise the issues of ineffective assistance of trial counsel and denial of the right to an impartial jury trial. The Court of Appeal did not directly address these contentions, thus the Magistrate Judge conducted an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established federal law.

The Magistrate Judge found that Petitioner failed to establish that appellate counsel's performance fell below an objective standard of reasonableness under prevailing professional norms because "appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by the defendant." (Doc. No. 21 at 10.) Petitioner objects in that he did not request appellate counsel to raise the specific claims but rather it was appellate counsel's duty to raise them citing *Delgado v. Lewis*, 223 F.3d 976 (9th Cir. 2000) *overruled on other grounds by Lockyer*, 538 U.S. at 75-76); *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); *Douglas v. California*, 372 U.S. 353 (1963).

*Delgado* is both inapposite and not binding. Circuit precedent may provide persuasive authority for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, but only Supreme Court holdings are binding on state courts. *Rodgers v. Marshall*, 678 F.3d 1149, 1155 (9th Cir. 2012). Both *Anders* and *Douglas* refer exclusively to cases in which appellate counsel wished to withdraw because

appeal was, in their professional opinions, wholly without merit and dealt with the filing of merits briefs. Neither however, require appellate counsel actively pursuing appeal to argue all issues that are arguable. *Smith* is cited in both the Objection and the R&R; in *Smith,* the court held that appellate counsel need not and, in fact, "should not raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. 259 at 287.

Petitioner failed to establish how appellate counsel's performance fell below an objective standard of reasonableness, as counsel is not constitutionally obliged to raise every non-frivolous claim, whether requested by the defendant or not. Similarly, Petitioner failed to establish prejudice because there was sufficient evidence to support Petitioner's conviction based on the victim's testimony. Furthermore, despite being independently reviewed in the R&R, deference must still be afforded to the state court's ultimate decision. See *Delgado*, 223 F.3d at 2000. Accordingly, the Court OVERRULES Petitioner's objection of ineffective assistance of appellate counsel regarding the denial of the right to an impartial jury and ineffective assistance of trial counsel.

**B.     Claim Two: Insufficient Evidence Supported the Jury's Verdict[3]**

Petitioner's second claim in Ground 2 alleges that the evidence supporting the jury's verdict of guilty for first degree burglary was insufficient and that he is factually innocent. (Doc. No. 16 at 10-17.) Respondent counters that the state courts properly rejected this claim because there was sufficient evidence to support Petitioner's conviction. (Doc. No. 17 at 13-14.) The R&R recommends that Petitioner's claim in ground two be denied because the state court's application of *Jackson* to the facts of the case was objectively reasonable and a rational jury could have found proof of Petitioner's guilt beyond a reasonable doubt based on the evidence presented. (Doc. No. 21 at 12.) Petitioner objects that the R&R

---

[3]Petitioner presented his claim of insufficient evidence to the California Supreme Court and it was denied without comment. (Lodgment Nos. 16 and 17.) The R&R therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's March 22, 2011 opinion. *See Ylst*, 501 U.S. at 804.

merely reiterated the state court's findings and concludes that there was insufficient evidence. (Doc. No. 25 at 5.)

Though the Court of Appeal summarized the evidence presented at trial and stated that the jury believed the witness, the Magistrate Judge noted it did not specifically address the insufficient evidence claim. (Lodgment No. 15 at 2.) Therefore, the Magistrate Judge performed an independent review of the record to determine if the California Supreme Court's summary rejection of the claim was objectively reasonable. *Delgado*, 223 F.3d at 982.

In reviewing an insufficient evidence claim, federal courts must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When faced with facts that support conflicting inferences, courts must presume the trier of fact resolved any such conflict in favor of the prosecution, even if not affirmatively appearing in the record, and defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992). Furthermore, federal habeas courts must apply an additional layer of deference and look to whether the state court decision reflected an unreasonable application of the *Jackson* standard to the facts of the case. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

In reviewing the record in the light most favorable to the prosecution, the Court concludes a rational jury could have found proof of Petitioner's guilt beyond a reasonable doubt based on the evidence presented. While the Petitioner stresses the importance of exonerating DNA and fingerprint evidence, such evidence did not prove the Petitioner's innocence. A *lack* of fingerprint and/or DNA evidence discovered at the scene of the crime does not completely exonerate Petitioner. Further, while the defense presented expert testimony on witness suggestibility and false identification in support of their theory of misidentification, the prosecution's testimony from the victim, a witness, and the arresting officer was sufficient to support the jury's guilty verdict under the circumstances. Accordingly, the Court OVERRULES Petitioner's objection of insufficient evidence.

### C. Claim Three: Actual Innocence Claim Warrants an Evidentiary Hearing

Petitioner's third claim argues an evidentiary hearing is necessary to develop his actual innocence claim. (Doc. No. 16 at 18.) Respondent counters that an evidentiary hearing is not required. (Doc. No. 17 at 13-14.) The R&R recommends that Petitioner's claim in ground three be denied because the petition can be resolved by reference to the state record as the arguments and evidence presented by Petitioner here are the same as those presented by Petitioner at trial. Additionally, the Petitioner does not satisfy the exacting AEDPA prerequisites to warrant an evidentiary hearing. (Doc. No. 21 at 15.) Petitioner contends that the prosecution evidence submitted at trial was insufficient and the Petitioner's legal authority submitted to the state court was sufficient, thus making the R&R's denial for lack of new evidence or legal authority inappropriate. (Doc. No. 25 at 6.)

A petitioner's request for an evidentiary hearing is subject to the requirements of 28 U.S.C. § 2254(e)(2) which "substantially restricts the district court's discretion to grant an evidentiary hearing," and prescribes the manner in which federal courts must approach the factual record. *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). Section 2254(e)(2) provides that where a federal habeas petitioner has failed to develop the factual basis for a claim in the state court, courts should not hold an evidentiary hearing unless a petitioner shows that the claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) is based on a factual predicate that could not have been previously discovered through the exercise of due diligence, and (3) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found Petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

The Magistrate Judge applied the *Baja* analysis by first considering whether Petitioner failed to develop the factual basis of a claim in state court. As Petitioner did not provide the state courts with any new evidence demonstrating he was factually innocent and simply reiterated arguments he presented at trial, the Magistrate Judge determined that Petitioner failed to develop facts supporting his actual innocence claim in the state courts. (Doc. No.

21 at 15.) Therefore the request must be denied unless Petitioner establishes one of the § 2254(e)(2) codified exceptions entitling the petitioner to relief. *Id.* at 1078-79; *see Williams (Michael) v. Taylor*, 529 U.S. 420 (2000). However, "an evidentiary hearing is not required on allegations that are 'conclusory and wholly devoid of specifics,' ... [n]or is an evidentiary hearing required on issues that can be resolved by reference to the state court record." *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (citations omitted); *see Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, Petitioner has not provided any new facts or legal authority to support his claims or the application of an exception. Accordingly, the Court OVERRULES Petitioner's objection for an evidentiary hearing to develop actual innocence.

### D.  Claim Four: Ineffective Assistance of Trial Counsel[4]

Petitioner's fourth claim is that his trial counsel was ineffective due to statements made during closing arguments. (Doc. No. 16 at 30.) Respondent counters that Petitioner failed to establish either prong of the *Strickland* test for ineffective assistance of counsel. (Doc. No. 17 at 15-16.) The R&R recommends that Petitioner's claim in ground four be denied because the state court's rejection of Petitioner's ineffective assistance of trial counsel was objectively reasonable. (Doc. No. 21 at 17.) Petitioner objects that the R&R merely reiterated the state court's findings and skirted the issue of the claim by focusing on the issue of the "Petitioner as the perpetrator." (Doc. No. 25 at 7.)

The Magistrate Judge found that the Court of Appeal correctly applied the two-prong *Strickland* test. (Doc. No. 21 at 7.) The state courts determined Petitioner's allegations failed to rise to the level of ineffective assistance under *Strickland*. Counsel argued that Petitioner was not the person who the victim saw entering her window and emphasized the lack of DNA and fingerprint evidence consistent with the Petitioner's claim throughout the case. Judicial review of a defense attorney's summation is highly deferential and doubly so

---

[4] Petitioner presented his claim of ineffective assistance of trial counsel to the California Supreme Court and it was denied without comment. (Lodgment Nos. 16 and 17.) The R&R therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's March 22, 2011 opinion. *Ylst*, 501 U.S. at 804.

when conducted through the lens of a federal habeas corpus petition; both the state courts and Magistrate Judge found counsel's closing remarks to be a reasonable tactical decision entitled to deference. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

Petitioner objects with the conclusory remark that the R&R simply followed the Court of Appeal. (Doc. No. 25 at 7.) However, federal habeas courts must not question whether counsel's actions were reasonable but only "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (reversing a Ninth Circuit en banc grant of habeas relief on an ineffective assistance claim for lack of sufficient deference to the state court result). As the state court did not apply the Strickland test in an objectively unreasonable manner, its decision is entitled to deference.

Petitioner also objects that the R&R skirted the main issue of the claim. (Doc. No. 25 at 7.) Petitioner's argument seems to be that the Magistrate Judge failed to perform the *Strickland* test, and concludes that the two *Strickland* prongs of deficient performance by counsel and prejudice were met. (Doc. No. 25 at 7.) But as stated above, when the state court has directly addressed the issues, federal habeas courts solely determine whether the state court applied *Strickland* in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002). Accordingly, the Court OVERRULES Petitioner's objection of ineffective assistance of trial counsel.

### E.  Claim Five: Violation of Right to an Impartial Jury[5]

Petitioner's fifth claim is that his right to a fair trial by an impartial jury was violated for two reasons: (1) jury composition, and (2) jury misconduct. (Doc. No. 16 at 40-53.) As a result, Petitioner asserts that he is entitled to a new trial. (Doc. No. 16 at 40.) Respondent counters that Petitioner has failed to provide adequate evidence to support either claim of error. (Doc. No. 17 at 16-18.) First, the R&R recommends that Petitioner's claim regarding

---

[5] Petitioner presented his violation of right to an impartial jury claim to the California Supreme Court and it was denied without comment. (Lodgment Nos. 16 and 17.) The R&R therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's March 22, 2011 opinion. *Ylst*, 501 U.S. at 804.

jury composition be denied because the state courts' denial of Petitioner's *Batson* claim was proper. (Doc. No. 21 at 19.) Second, the R&R recommends that Petitioner's claim regarding juror misconduct be denied because the state courts' finding that Petitioner failed to establish the first prong of the *McDonough* test was also proper. (Doc. No. 21 at 21.) Regarding jury composition, Petitioner objects, stating that the jury selection process employed in San Diego county violated his Constitutional rights because the only person of African American descent was excused. (Doc. No. 25 at 10.) Regarding juror misconduct Petitioner objects, stating that he provided sufficient evidentiary support for his claim. (Doc. No. 25 at 9.)

### 1. Composition of the Jury

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prevents a prosecutor from systematically eliminating potential jurors on the basis of racial identity. *Batson v. Kentucky*, 476 U.S. 79 (1986). Petitioner alleges a *Batson* error, claiming that the jury selection process employed by San Diego county was unconstitutional. (Doc. No. 21 at 18-19.) Specifically, Petitioner seems to object to the prosecution using a peremptory challenge to strike the only African-American juror on the panel "without plausible or credible justification." (Doc. No. 25 at 7-8.) The Supreme Court has outlined three steps a court must follow in conducting a *Batson* analysis. *Purkett v. Elem*, 514 U.S. 765 (1995). First, the opponent of a peremptory challenge must make a prima facie case of racial discrimination considering all relevant circumstances; second, the burden of proof shifts to the proponent of the peremptory challenge to come forward with a race neutral explanation; lastly, if a race neutral explanation is tendered then the court must decide if the opponent of the strike has proved purposeful discrimination. *Id.* at 767-68. A state court's determination as to whether a prima facie case has been made is a factual determination entitled to a presumption of correctness. *Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir. 1999).

The Magistrate Judge found that the Court of Appeal properly conducted a *Batson* analysis. (Doc. No. 21 at 19.) The state trial court determined Petitioner's allegations failed to rise to the level of a prima facie case of racial discrimination when the *Batson/Wheeler*

challenge was raised during voir dire. (Lodgment No. 2 at 106.) The Court of Appeal also determined Petitioner's allegations failed to rise to the level of a prima facie case of racial discrimination for lack of evidentiary support. (Lodgment No. 15.) Finally, the Magistrate Judge determined Petitioner's allegations failed to rise to the level of a prima facie case of racial discrimination both for lack of evidentiary support and because the record demonstrated that the African American juror was not struck for an improper purpose. (Doc. No. 21 at 19.) The prosecutor asserted that the African American juror was struck because he was involved in the practice of law, another juror had been previously struck for the same reason. (Lodgment No. 2 at 108.) Accordingly, as the state court's denial of Petitioner's *Batson* claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent in light of the record, the Court OVERRULES Petitioner's objection in ground five regarding jury composition.

### 2.  Juror Misconduct

The Supreme Court outlined a two prong test courts must follow when evaluating a claim of juror misconduct. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). The first prong is whether a juror failed to answer honestly a material question on voir dire; the second prong is whether a correct answer would have provided a valid basis for a challenge for cause. *Id*. In a habeas action regarding juror impartiality the state court's finding of impartiality is a factual determination accorded a presumption of correctness. *Wainwright v. Witt*, 469 U.S. 412, 429 (1985). As to Plaintiff's juror misconduct allegations, the Magistrate Judge found the Court of Appeal properly conducted a *McDonough* analysis. (Doc. No. 21 at 20.)

Petitioner specifically objects to the failure of three female jurors to give truthful answers during voir dire when asked whether or not they had been the victim of a crime. (Doc. No. 25 at 8-9.) The Court of Appeal determined Petitioner failed to provide any evidentiary support for juror misconduct. (Lodgment No. 1 at 706.) Moreover, Petitioner's contention is unsupported by the record despite his conclusory objections to the contrary. The trial court stated that the question "Have you been the victim of a crime?" was thought

to be asked, but in fact was not. (Lodgment No. 1 at 706.) The court stated that the failure to respond to a question that was not asked was not sufficient to support a reasonable belief that juror misconduct occurred. *Id.* After reviewing the voir dire transcript, the Court finds that no party asked whether a potential juror had been the victim of a crime. Therefore, there is no evidence that any juror lied or improperly concealed information during voir dire, thereby failing the first prong of the *McDonough* test. Accordingly, as the state court's denial of Petitioner's juror misconduct claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent in light of the record, the Court OVERRULES Petitioner's objection in ground five regarding juror misconduct.

### F.   Claim Six: The State Courts' Denials of Petitioner's State Habeas Corpus Petition Were Contrary to or an Unreasonable Application of Federal Law

Petitioner's sixth claim is that the state courts' denial of his habeas corpus petition is generally contrary to or an unreasonable application of clearly established Supreme Court precedent in light of the evidence presented. (Doc. No. 16 at 56-65.) Respondent does not address this claim separately. The R&R recommends that Petitioner's claim in ground six be denied because, as outlined throughout, the Magistrate Judge does not find the state courts' denial to be contrary to or an unreasonable application of clearly established Supreme Court precedent in light of the evidence presented. (Doc. No. 21 at 21.) Petitioner objects that he has suffered numerous serious Constitutional violations during his criminal proceedings and the courts have skirted around these issues without real consideration. (Doc. No. 25 at 10.)

The R&R systematically addresses each of Petitioner's other claims with reference to whether the state courts' denial was contrary to or an unreasonable application of clearly established Supreme Court precedent. Petitioner's claim is conclusory and wholly devoid of specifics**.** Accordingly, the Court OVERRULES Petitioner's objection to the R&R and ADOPTS the R&R's conclusion that the state courts' denial of his habeas corpus petition is neither generally contrary to nor an unreasonable application of clearly established Supreme Court precedent. Accordingly, claim DENIED.

### G. Claim Seven: The Trial Court Erroneously Admitted Victim's In-Court Identification[6]

Petitioner's seventh claim is that the trial court erroneously admitted victim's in-court identification. (Doc. No. 16 at 67-73.) Respondent counters that the state courts properly rejected this claim. (Doc. No. 17 at 18-19.) The R&R recommends that Petitioner's claim in ground seven be denied because the state court's rejection of Petitioner's claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. (Doc. No. 21 at 23-24.) Petitioner objects that the R&R merely followed the Court of Appeal in a decision that was contrary to or an unreasonable application of federal law. (Doc. No. 25 at 10-11.)

The Supreme Court has found that even if a pretrial identification procedure is unduly suggestive, a witness's in-court identification may nevertheless be admissible. *Neil v. Biggers*, 409 U.S. 188, 196-97 (1972). The Court set forth the following factors a court should consider in determining whether an identification should be admitted: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id.* at 199-200.

The Magistrate Judge found that the Court of Appeal properly applied the *Neil* analysis. (Doc. No. 21 at 22.) The Court of Appeal set forth the relevant legal standards and identified and analyzed the five factors outlined in *Neil*. (Lodgment No. 7 at 7-10.) Accordingly, as the state court's denial of Petitioner's claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent in light of the record, the Court OVERRULES Petitioner's objection in ground seven.

---

[6]Petitioner presented his claim regarding the victim's in-court identification to the California Supreme Court and it was summarily denied. (Lodgment Nos. 16 and 17.) The R&R therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's March 22, 2011 opinion. *Ylst*, 501 U.S. at 804.

### H.  Claim Eight: The Trial Court Abused its Discretion by Not Striking Petitioner's Prior Strike Convictions[7]

Petitioner's eighth claim is that the trial court abused its discretion by denying his post-conviction *Romero* motion requesting the court to strike prior convictions. (Doc. No. 16 at 73-76.) Respondent counters that the state courts properly rejected both his motion and this claim. (Doc. No. 17 at 20.) The R&R recommends that Petitioner's claim in ground eight be denied. (Doc. No. 21 at 23-24.) Petitioner objects to the Magistrate Judge finding the state courts' decisions to be a reasonable application of applicable law. Petitioner alleges that the trial court acted arbitrarily by relying exclusively on his past criminal history rather than an individualized consideration under the criteria. (Doc. No. 25 at 12.)

As noted in the R&R, federal habeas relief is not available for violation of state law or for alleged errors in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Here, Petitioner's claim that the trial court abused its discretion in denying his *Romero* motion concerns only state sentencing law and does not implicate a federal constitutional right. Therefore it is not cognizable on federal habeas review. *See e.g., Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (federal habeas challenge to the denial of a *Romero* motion is a state law claim that is barred from review in a federal habeas proceeding), *vacated on other grounds*, *Mayle v. Brown*, 538 U.S. 901 (2003); *Souch v. Schaivo*, 289 F.3d 616, 622-23 (9th Cir. 2002) (petitioner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim).

As the R&R accurately points out, even if Petitioner could show that the trial court erred in imposing his sentence, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Here, the record indicates that the trial court understood its discretion to strike the prior convictions pursuant to *Romero*, but declined to do so. Upon direct review the Court of Appeal found no abuse of discretion stating that it

---

[7] Petitioner presented his claim regarding the trial court's abuse of discretion to the California Supreme Court and it was summarily denied. (Lodgment Nos. 16 and 17.) The R&R therefore looked through the silent denial to the last reasoned decision, which is the Court of Appeal's March 22, 2011 opinion. *Ylst*, 501 U.S. at 804.

was not unreasonable for the trial court to determine that Petitioner fell within the spirit of the Three Strikes law. (Lodgment No. 7 at 12.) Given the record, the Court finds Petitioner cannot show that the trial court's denial of his motion to strike amounted to fundamental unfairness warranting federal habeas relief. The state court's rejection of Petitioner's abuse of sentencing discretion claim was not contrary to or an unreasonable application of federal law. Accordingly, the Court OVERRULES Petitioner's objection in ground eight regarding trial court abuse of discretion.

## I.     **Denying Issuance of a Certificate of Appealability**

Finally, the Court considers the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability. Having reviewed the application, the petition for habeas relief, and the R&R, the Court finds Petitioner has failed to demonstrate that reasonable jurists would find this Court's denial of the petition debatable. Therefore, Petitioner's request for a certificate of appealability is DENIED.

## IV.    **CONCLUSION**

For the reasons set forth above, the Court ADOPTS Magistrate Judge Bartick's well-reasoned Report and Recommendation in its entirety, OVERRULES Petitioner's Objections, DENIES Petitioner's writ of habeas corpus in its entirety, and DENIES issuing a certificate of appealability.

IT IS SO ORDERED.

**DATED: September 17, 2013**

_____
**Hon. Anthony J. Battaglia**
**U.S. District Judge**